UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DECALVIN SHUNTRELL RAPHIEL | CIVIL ACTION NO. 22-0427 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| HALEY RESIDENTIAL INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion to Strike (Rec. Doc. 28) filed by Plaintiff, Decalvin Shuntrell Raphiel ("Raphiel"). Raphiel asks this Court to strike the Motion to Dismiss (Rec. Doc. 18) filed by Defendant, Hans Vestberg ("Vestberg"), and the Motion to Dismiss (Rec. Doc. 20) filed by Defendant, Daniel Clatanoff ("Clatanoff"). Both Vestberg and Clatanoff filed oppositions to the Motion to Strike (Rec. Docs. 29 & 33), and Raphiel filed a reply (Rec. Doc. 32). For the following reasons, the Motion is **DENIED**.

Although difficult to decipher, Raphiel appears to contest this Court's subject matter jurisdiction in his Motion to Strike, asserting that the Court cannot decide the two pending Motions to Dismiss. See Record Document 28. Raphiel argues that once a party challenges a court's subject matter jurisdiction, "it becomes the duty and burden of the party claiming that the court has subject-matter jurisdiction to provide evidence on the record for the case that the court holds subject-matter jurisdiction." See Record Document 28-1 at 2. However, as both Vestberg and Clatanoff point out in their oppositions, Raphiel is the party who initiated the action and filed suit in this Court, thus invoking its jurisdiction. See Record Document 29 at 2; Record Document 33 at 2. Further, in his Complaint, Raphiel cites to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), as the basis for his suit. See Record Document 28-1. This is a federal cause of action over

1

which federal courts have original subject matter jurisdiction. See 28 U.S.C. § 1331; see also Smith v. Barrett Daffin Frappier Turner & Engel, L.L.P., 735 Fed. Appx. 848, 853 (5th Cir. 2018) (finding that plaintiff alleged a federal cause of action under the FDCPA, thus invoking a federal statute over which the court has jurisdiction). Because this Court has subject matter jurisdiction over Raphiel's claims, there is no legal basis to assert that the Court lacks the authority to decide the Motions to Dismiss. Thus, Raphiel's Motion to Strike is **DENIED**.

In his opposition, Clatanoff further points out that Raphiel's Motion to Strike could be interpreted as a voluntary motion to dismiss his Complaint. See Record Document 33 at 3. Raphiel's motion includes a request that the Court "dismiss Deny [sic], and recuse any prior pleading(s)." See Record Document 28. However, the Court declines to dismiss Raphiel's suit based on this interpretation; Raphiel has attempted to execute summons on each defendant since the filing of the Motion to Strike, indicating an intent to continue the litigation.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 7th day of February, 2023.

S. MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT