UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DECALVIN SHUNTRELL RAPHIEL | CIVIL ACTION NO. 22-0427 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| HALEY RESIDENTIAL INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss (Record Document 18) filed by Defendant, Hans Vestberg ("Vestberg"), seeking dismissal of all claims filed by Plaintiff, Decalvin Shuntrell Raphiel ("Raphiel"), pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Raphiel filed an opposition (Record Document 23), and Vestberg filed a reply (Record Document 24). For the following reasons, Vestberg's Motion to Dismiss is **GRANTED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 9, 2022, Raphiel filed suit in this Court against seven named defendants, alleging a violation of his consumer rights and the use of abusive debt collection procedures under the Fair Debt Collection Practices Act ("FDCPA"). See Record Document 1. The Complaint seeks relief in the form of $100,000 and requests that Raphiel's accounts "be zero [sic] out." See id. at 4. Raphiel does not specify which debts the defendants were seeking to collect, other than to list potential debts owed to companies for "lighting, Cell [sic] phone, apartment, and Wi-Fi." See id. at 1. With respect to abusive trade practices, Raphiel alleges that the defendants generally have been violating the following: "15 U.S.C. 1692C Communication in connection with debt collection. Calling, sending bill"; "15 U.S.C. 1692D Harassment or abuse, Demanding l

1

pay a debt"; and "21 U.S.C. 3718 Contract for collection services, without presenting a contract to collect." See id. at 3.

In his Motion to Dismiss, Vestberg, the Chairman and Chief Executive Officer of Verizon, argues that Raphiel's claims should be dismissed because (1) this Court lacks personal jurisdiction over Vestberg, who is a citizen of New York, and (2) Raphiel fails to plead any factual allegations that could state a claim under the FDCPA. See Record Document 18-1 at 2. Vestberg further states that the Complaint "is devoid of any specific allegation concerning the debts at issue, how those debts relate to the individual defendants, and what acts were undertaken by the individual defendants to collect on these debts." See id. at 3. Raphiel's opposition does not contest the arguments in Vestberg's Motion to Dismiss, but rather lists various interrogatories and generally states that his Complaint is sufficient. See Record Document 23. In his reply, Vestberg argues that his Motion to Dismiss is essentially unopposed and should be granted under Rule 12(b)(2) or Rule 12(b)(6). See Record Document 24 at 1.

## LAW AND ANALYSIS

### I.     Legal Standard under FRCP 12(b)(2)

A motion pursuant to Rule 12(b)(2) allows a party to move to dismiss for lack of personal jurisdiction. See Fed. R. Civ. P. 12(b)(2). "Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." Luv N'Care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006) (citing Wyatt v. Laplan, 686 F.2d 276, 280 (5th Cir. 1982)). When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction. See

Rd. Sprinkler Fitters Local Union No. 669, U.A., AFL-CIO v. CCR Fire Prot., LLC, Civil Action No. 16-448-JWD-EWD, 2018 WL 3076743, at *4 (M.D. La. June 21, 2018). "Moreover, on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists." Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990) (quoting D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc., 754 F.2d 542, 546 (5th Cir. 1985)).

## II.     Legal Standard under FRCP 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the pleading standard to state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While some specific causes of action have a heightened pleading standard imposed on them by the Rules or statute, that is not the case for claims under Title VII. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002). The standard for the adequacy of all complaints under Rule 8(a)(2) is now the "plausibility" standard found in Bell Atlantic Corp. v. Twombly and its progeny. 550 U.S. 544 (2007). Under this standard, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (citations omitted). If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for "failure to state a claim upon which relief can be granted." Courts must accept all factual allegations in the complaint as true. See Iqbal, 556 U.S. at 678. However, courts do not have to accept legal conclusions as facts. See id. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. See Thompson v. City of Waco, 764 F.3d 500, 503 (5th Cir. 2014). Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See Iqbal, 556 U.S. at 679. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id. Such a dismissal ends the case "at the point of minimum expenditure of time and money by the parties and the court.'" Twombly, 550 U.S. at 558 (citations omitted).

### III. Analysis

#### a. Personal Jurisdiction

In his Motion to Dismiss, Vestberg first argues that this Court lacks personal jurisdiction over Vestberg, and thus, Raphiel's claims should be dismissed under Rule 12(b)(2). See Record Document 18-1 at 3. Vestberg asserts that Raphiel has failed to carry his burden of making a prima facie showing that this Court may exercise personal jurisdiction over Vestberg. See id. at 6.

Under Fifth Circuit precedent, personal jurisdiction over a defendant exists if (1) the state's long-arm statute extends to the defendant, and (2) the exercise of such jurisdiction is consistent with due process. See Johnston v. Multidata Sys. Int'l Corp., 523

F.3d 602, 609 (5th Cir. 2008). The Louisiana long arm statute extends as far as is permitted by due process. See Patin v. Thoroughbred Power Boats Inc., 294 F.3d 640 (5th Cir. 2002). The exercise of personal jurisdiction over a defendant comports with due process only if (1) the defendant has purposefully availed himself of the benefits and protection of Louisiana by establishing "minimum contacts" with Louisiana, and (2) the exercise of personal jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. See Allred v. Moore & Peterson, 117 F.3d 278, 285 (5th Cir. 1997).

Under the minimum contacts test, a defendant may be subject to either "general jurisdiction" or "specific jurisdiction." See Ford v. Mentor Worldwide, LLC, 2 F. Supp. 3d 898, 903 (E.D. La. 2014). General jurisdiction arises when a defendant maintains "continuous and systematic" contacts with the forum state, even when the cause of action has no relation to those contacts. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414–16 (1984). "The Fifth Circuit has characterized the 'continuous and systematic contacts' test as a 'difficult one to meet.'" Ford, 2 F. Supp. 3d at 903 (citing Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008)). "[E]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction." Johnston, 523 F.3d at 609 (quoting Revell v. Lidov, 317 F.3d 467, 471 (5th Cir. 2002)). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924, 131 S. Ct. 2846 (2011).

5

Specific jurisdiction exists where a nonresident defendant "has 'purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'" Panda Brandywine Corp. v. Potomac Elec. Power Co., 253 F.3d 865, 868 (5th Cir. 2001) (quoting Alpine View Co. v. Atlas Copco A.B., 205 F.3d 208, 215 (5th Cir. 2000)). "The non-resident's 'purposeful availment' must be such that the defendant 'should reasonably anticipate being haled into court' in the forum state." Ruston Gas Turbines Inc. v. Donaldson Co., 9 F.3d 415, 419 (5th Cir. 1993) (quoting World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 580 (1980)). The Fifth Circuit has formulated a three-step analysis for specific jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 271 (5th Cir. 2006) (citations omitted).

Here, Raphiel has made neither a showing of general jurisdiction nor specific jurisdiction over Vestberg. First, there is no allegation within the Complaint that would satisfy the test for general jurisdiction. Notably, Vestberg resides in New York, and there is no allegation that he maintains a domicile in Louisiana. See Record Document 18-1 at 7; see also Brown, 564 U.S. at 924 (noting that "the paradigm forum for the exercise of general jurisdiction is the individual's domicile"). Further, there are no allegations that would demonstrate "continuous and systematic" contact by Vestberg in this jurisdiction.

6

In fact, none of the allegations relate to or even mention Vestberg, beyond the inclusion of his name among the other defendants. See Record Document 1 at 1.

Additionally, there is no allegation that would demonstrate specific jurisdiction over Vestberg. As Vestberg succinctly puts it in his motion,

> Nothing in the Complaint can reasonably allow this Court to find that Defendant purposefully directed any activity at this forum state. Nor does Plaintiff allege any facts to show that Defendant's specific contacts with this forum state caused him any injuries. In fact, there is no allegation at all that Defendant had any contact with Plaintiff or the forum state, let alone any contact with Plaintiff inside the forum state.

Record Document 18-1 at 7. This Court agrees with Vestberg's assertions and finds that Raphiel has failed to make a prima facie showing of either general or specific jurisdiction over Vestberg.

Further, rather than address these deficiencies in his opposition to the Motion to Dismiss, Raphiel merely posed interrogatories and seemingly challenged another defendant's Motion to Dismiss. See Record Document 23. The burden was on Raphiel to come forward with a prima facie case for this Court's exercise of personal jurisdiction, yet Raphiel failed to do so. See Luv N'Care, Ltd., 438 F.3d at 469. Thus, because Raphiel has not made any allegations that would demonstrate this Court's ability to exercise personal jurisdiction over Vestberg, the Motion to Dismiss is **GRANTED** pursuant to Rule 12(b)(2).

   b. **Claim Under FDCPA**

Vestberg argues that, even if this Court could exercise personal jurisdiction over Vestberg, Raphiel's claims fail as a matter of law under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. See Record Document 18-1 at 7. Vestberg

7

asserts that Raphiel "fails to allege any specific facts against any defendant, much less legally cognizable facts." See id. at 9. Further, Vestberg argues that Raphiel cannot meet any of the elements of an FDCPA claim. See id. at 10.

The FDCPA regulates "abusive, deceptive, and unfair debt collection practices" by limiting the type and number of contacts a "debt collector" may make with a debtor. See 15 U.S.C. § 1692. To state a claim under the FDCPA, a plaintiff must allege that "(1) he has been the object of collection activity arising from [a] consumer debt, (2) the defendant is a 'debt collector' as defined by the Act, and (3) the defendant has engaged in an act or omission prohibited by the Act." Saragusa v. Countrywide, No. CV 14-2717, 2016 WL 1059004, at *5 (E.D. La. Mar. 17, 2016), aff'd sub nom. Saragusa v. Countrywide Home Loans, Inc., 707 F. App'x 797 (5th Cir. 2017).

This Court agrees with Vestberg that Raphiel has failed to plead sufficient facts to state a claim under the FDCPA. First, Raphiel did not specify any consumer debt that was the subject of a collection activity. See Blount v. Cap. One Fin. Corp., No. CV 20-675-JWD-EWD, 2021 WL 3912540, at *6 (M.D. La. Aug. 13, 2021), report and recommendation adopted, No. CV 20-675-JWD-EWD, 2021 WL 3909664 (M.D. La. Aug. 31, 2021) ("Plaintiff must allege enough facts to make a threshold showing that the FDCPA applies, including that there is a covered 'debt' and that [the defendant] is a 'debt collector.'"). Second, Raphiel has not alleged that Vestberg is a "debt collector" as defined in the FDCPA. And, as Vestberg points out, the FDCPA expressly excludes from the definition of "debt collector" "any officer or employee of a creditor" who "in the name of the creditor, collect[s] debts for such creditor." See 15 U.S.C. § 1692a; Roberts v. Am. Bank & Tr. Co., 835 F. Supp. 2d 183, 197 (E.D. La. 2011) (finding that "bank employee"

does not qualify as a debt collector under the FDCPA); Dixon v. Gen. Motors Fin. Corp., No. CV 17-4492, 2018 WL 4701540, at *4 (E.D. La. Oct. 1, 2018) (finding that "Individual Defendants are employees of GM Financial . . . not subject to the FDCPA"). Thus, Vestberg, as an officer of Verizon, is likely excluded from the definition of "debt collector." Third, Raphiel fails to allege what activity Vestberg engaged in that violated the FDCPA. In fact, Raphiel does not allege that any interaction occurred between Vestberg and himself at all. See Record Document 18-1 at 11. Raphiel's conclusory allegations that he received phone calls and was the subject of some harassment is insufficient to state a claim against Vestberg specifically. A generalized billing dispute with various companies does not rise to the level of a viable FDCPA complaint against Vestberg. Thus, because Raphiel failed to plead a plausible claim for relief against Vestberg under the FDCPA, or any other law, the Motion to Dismiss is **GRANTED** pursuant to Rule 12(b)(6), regardless of this Court's finding as to personal jurisdiction over Vestberg.

## CONCLUSION

Based on the reasons outlined above,

**IT IS ORDERED** that Vestberg's Motion to Dismiss (Record Document 18) is **GRANTED**. All claims filed by Raphiel against Vestberg are **DISMISSED WITH PREJUDICE**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 7th day of February, 2023.

S. MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT