UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DECALVIN SHUNTRELL RAPHIEL | CIVIL ACTION NO. 22-0427 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| HALEY RESIDENTIAL INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss (Record Document 20) filed by Defendant, Daniel Clatanoff ("Clatanoff"), seeking dismissal of all claims filed by Plaintiff, Decalvin Shuntrell Raphiel ("Raphiel"), pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(6). Raphiel filed an opposition (Record Document 23), and Clatanoff filed a reply (Record Document 25). For the following reasons, Clatanoff's Motion to Dismiss is **GRANTED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 9, 2022, Raphiel filed suit in this Court against seven named defendants, alleging a violation of his consumer rights and the use of abusive debt collection procedures under the Fair Debt Collection Practices Act ("FDCPA"). See Record Document 1. The Complaint seeks relief in the form of $100,000 and requests that Raphiel's accounts "be zero [sic] out." See id. at 4. Raphiel does not specify which debts the defendants were seeking to collect, other than to list potential debts owed to companies for "lighting, Cell [sic] phone, apartment, and Wi-Fi." See id. at 1. With respect to abusive trade practices, Raphiel alleges that the defendants generally have been violating the following: "15 U.S.C. 1692C Communication in connection with debt collection. Calling, sending bill"; "15 U.S.C. 1692D Harassment or abuse, Demanding I

1

pay a debt"; and "21 U.S.C. 3718 Contract for collection services, without presenting a contract to collect." See id. at 3.

In his Motion to Dismiss, Clatanoff states that he is the Chief Executive Officer of Dial Equities, Inc, doing business as Haley Residential; Haley Residential is a business named in Raphiel's Complaint. See Record Document 20-1 at 1 n.1. Clatanoff attempted to interpret Raphiel's Complaint as broadly as possible, but ultimately, he urges the Court to dismiss all potential claims raised therein against Clatanoff for the following reasons: (1) this Court lacks personal jurisdiction over Clatanoff, who is a citizen of Nebraska; (2) process was insufficient; and (3) Raphiel fails to plead any factual allegations that could state a claim under the FDCPA or any other law. See Record Document 20 at 1.

Raphiel's opposition largely does not address Clatanoff's Motion to Dismiss, but rather propounds interrogatories to defense counsel. See Record Document 23. One page of the opposition is devoted to Clatanoff's Motion to Dismiss; however, that page does not make new arguments or add any additional information. See id. at 9.

In his reply, Clatanoff argues (1) Raphiel's opposition was untimely and thus should not be considered, and (2) alternatively, if considered, the opposition fails to sufficiently oppose the motion. See Record Document 25. The deadline for filing the opposition to Clatanoff's Motion to Dismiss was May 4, 2022, but Raphiel did not file his opposition until May 10, 2022. See id. Thus, Clatanoff urges the Court to disregard the opposition. See id. However, even if the Court considers the opposition in deciding the Motion to Dismiss, Clatanoff asserts that Raphiel's opposition "mainly serves as a vehicle to propound interrogatories onto Clatanoff's counsel, personally," and even further,

Raphiel did not add any information "to flesh out the conclusory allegations set forth in the Complaint." See id. at 1–2.

## LAW AND ANALYSIS

### I. Legal Standard under FRCP 12(b)(2)

A motion pursuant to Rule 12(b)(2) allows a party to move to dismiss for lack of personal jurisdiction. See Fed. R. Civ. P. 12(b)(2). "Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." Luv N'Care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006) (citing Wyatt v. Laplan, 686 F.2d 276, 280 (5th Cir. 1982)). When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction. See Rd. Sprinkler Fitters Local Union No. 669, U.A., AFL-CIO v. CCR Fire Prot., LLC, Civil Action No. 16-448-JWD-EWD, 2018 WL 3076743, at *4 (M.D. La. June 21, 2018). "Moreover, on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists." Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990) (quoting D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc., 754 F.2d 542, 546 (5th Cir. 1985)).

### II. Legal Standard under FRCP 12(b)(4)

Rule 12(b)(4) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss an action for defects in the form of the process. Such a motion is proper only to challenge non-compliance with the provisions of Rule 4(b) of the Federal Rules of Civil

Procedure or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons. See Ceasar v. Dillards Dep't Store, No. CV 6:17-01066, 2018 WL 3030126, at *1 (W.D. La. May 31, 2018), report and recommendation adopted sub nom. Ceaser v. Dillards Dep't Store, No. 6:17-CV-1066, 2018 WL 3029336 (W.D. La. June 18, 2018). One such applicable provision is Rule 4(c), which states that "[a] summons must be served with a copy of the complaint."

### III.     Legal Standard under FRCP 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the pleading standard to state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While some specific causes of action have a heightened pleading standard imposed on them by the Rules or statute, that is not the case for claims under Title VII. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002). The standard for the adequacy of all complaints under Rule 8(a)(2) is now the "plausibility" standard found in Bell Atlantic Corp. v. Twombly and its progeny. 550 U.S. 544 (2007). Under this standard, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (citations omitted). If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for "failure to state a claim upon which relief can be granted." Courts must accept all factual allegations in the complaint as true. See Iqbal, 556 U.S. at 678.

However, courts do not have to accept legal conclusions as facts. See id. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. See Thompson v. City of Waco, 764 F.3d 500, 503 (5th Cir. 2014). Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See Iqbal, 556 U.S. at 679. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id. Such a dismissal ends the case "at the point of minimum expenditure of time and money by the parties and the court.'" Twombly, 550 U.S. at 558 (citations omitted).

### IV. Analysis

#### a. Personal Jurisdiction

In his Motion to Dismiss, Clatanoff first argues that this Court lacks personal jurisdiction over Clatanoff, and thus, Raphiel's claims should be dismissed under Rule 12(b)(2). See Record Document 20-1 at 8. Clatanoff asserts that Raphiel has failed to carry his burden of making a prima facie showing that this Court may exercise personal jurisdiction over Clatanoff. See id.

Under Fifth Circuit precedent, personal jurisdiction over a defendant exists if (1) the state's long-arm statute extends to the defendant, and (2) the exercise of such jurisdiction is consistent with due process. See Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008). The Louisiana long arm statute extends as far as is permitted by due process. See Patin v. Thoroughbred Power Boats Inc., 294 F.3d 640 (5th Cir. 2002). The exercise of personal jurisdiction over a defendant comports with due

5

process only if (1) the defendant has purposefully availed himself of the benefits and protection of Louisiana by establishing "minimum contacts" with Louisiana, and (2) the exercise of personal jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. See Allred v. Moore & Peterson, 117 F.3d 278, 285 (5th Cir. 1997).

Under the minimum contacts test, a defendant may be subject to either "general jurisdiction" or "specific jurisdiction." See Ford v. Mentor Worldwide, LLC, 2 F. Supp. 3d 898, 903 (E.D. La. 2014). General jurisdiction arises when a defendant maintains "continuous and systematic" contacts with the forum state, even when the cause of action has no relation to those contacts. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414–16 (1984). "The Fifth Circuit has characterized the 'continuous and systematic contacts' test as a 'difficult one to meet.'" Ford, 2 F. Supp. 3d at 903 (citing Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008)). "[E]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction." Johnston, 523 F.3d at 609 (quoting Revell v. Lidov, 317 F.3d 467, 471 (5th Cir. 2002)). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924, 131 S. Ct. 2846 (2011).

Specific jurisdiction exists where a nonresident defendant "has 'purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'" Panda Brandywine Corp. v. Potomac Elec. Power Co., 253 F.3d 865, 868 (5th Cir. 2001) (quoting Alpine View Co. v. Atlas Copco A.B., 205

F.3d 208, 215 (5th Cir. 2000)). "The non-resident's 'purposeful availment' must be such that the defendant 'should reasonably anticipate being haled into court' in the forum state." Ruston Gas Turbines Inc. v. Donaldson Co., 9 F.3d 415, 419 (5th Cir. 1993) (quoting World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 580 (1980)). The Fifth Circuit has formulated a three-step analysis for specific jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 271 (5th Cir. 2006) (citations omitted).

Here, Raphiel has made neither a showing of general jurisdiction nor specific jurisdiction over Clatanoff. First, there is no allegation within the Complaint that would satisfy the test for general jurisdiction. Notably, Clatanoff resides in Nebraska, and there is no allegation that he maintains a domicile in Louisiana. See Record Document 20-1 at 8; see also Brown, 564 U.S. at 924 (noting that "the paradigm forum for the exercise of general jurisdiction is the individual's domicile"). Further, there are no allegations that would demonstrate "continuous and systematic" contact by Clatanoff in this jurisdiction. In fact, Clatanoff argues he has only visited Louisiana once, in a matter unrelated to this case. See Record Document 20-1 at 8. Additionally, there is no allegation that would demonstrate specific jurisdiction over Clatanoff, as the Complaint makes no allegations as to what debts were collected, what allegedly abusive practices were used, or how the injury arose out of Clatanoff's actions. This Court thus agrees with Clatanoff's assertions

7

and finds that Raphiel has failed to make a prima facie showing of either general or specific jurisdiction over Clatanoff.

Clatanoff also argues that, even if personal jurisdiction existed here, Clatanoff would be shielded as an executive or employee of Haley Residential. See id. The fiduciary shield doctrine "holds that an individual's transaction of business within the state solely as a corporate officer does not create personal jurisdiction over that individual though the state has *in personam* jurisdiction over the corporation." Stuart v. Spademan, 772 F.2d 1185, 1197 (5th Cir. 1985); see also MCR Mktg., L.L.C. v. Regency Worldwide Servs., L.L.C., No. CIV. 08-1137, 2009 WL 728523, at *5 (W.D. La. Mar. 18, 2009). Thus, Clatanoff argues that his "past, limited contacts with the forum state were in his official capacity on behalf of Haley Residential, and therefore, the 'fiduciary shield doctrine' precludes the exercise of jurisdiction over Clatanoff." See Record Document 20-1 at 9. This Court agrees and finds that personal jurisdiction simply does not exist over Clatanoff in this matter.

Further, rather than address these deficiencies in his opposition to the Motion to Dismiss, Raphiel merely posed interrogatories and facially reenforced his Complaint without additional facts or argument. See Record Document 23. The burden was on Raphiel to come forward with a prima facie case for this Court's exercise of personal jurisdiction, yet Raphiel failed to do so. See Luv N'Care, Ltd., 438 F.3d at 469. Thus, because Raphiel has not made any allegations that would demonstrate this Court's ability to exercise personal jurisdiction over Clatanoff, the Motion to Dismiss is **GRANTED** pursuant to Rule 12(b)(2).

### b. Insufficient Process

Clatanoff also states that he did not receive the summons and Complaint at the same time, as required by Rule 4(c). See Record Document 20-1 at 9. Clatanoff argues that, "[t]aken as a whole, Raphiel's actions show a lack of good faith and thus he is not entitled to leniency on the issue of an improper summons." See id. In support of this argument, Clatanoff points to Raphiel's difficulties in procuring service on various defendants, as well as the improper filings made by Raphiel with the Court, to show that Raphiel is not entitled to leniency for the process defect. See id.

Rule 4(c) of the Federal Rules of Civil Procedure states that "[a] summons must be served with a copy of the complaint." Because the record shows that Raphiel failed to serve the Complaint and the summons together, process was insufficient. Clatanoff also points out that in his opposition, Raphiel "admits that he failed to follow the Federal Rules of Civil Procedure for sufficient process." See Record Document 25 at 2. The Court thus agrees with Clatanoff that this procedural defect can justify dismissal of Raphiel's claims against Clatanoff. Thus, the Motion to Dismiss is alternatively **GRANTED** pursuant to Rule 12(b)(4).

### c. Claim Under FDCPA

Finally, Clatanoff argues that, even if this Court found both personal jurisdiction over Clatanoff and excused the insufficient process, Raphiel's claims fail as a matter of law under Rule 12(b)(6). See Record Document 20-1 at 9. Clatanoff asserts that the lack of factual detail, uncured by Raphiel's opposition, is fatal to all claims against Clatanoff in the Complaint. See id. at 10. Specifically, Clatanoff argues that the Complaint lacks the

necessary "how's" to make out a claim under the FDCPA, the key statute under which Raphiel brings his suit. See id.

The FDCPA regulates "abusive, deceptive, and unfair debt collection practices" by limiting the type and number of contacts a "debt collector" may make with a debtor. See 15 U.S.C. § 1692. To state a claim under the FDCPA, a plaintiff must allege that "(1) he has been the object of collection activity arising from [a] consumer debt, (2) the defendant is a 'debt collector' as defined by the Act, and (3) the defendant has engaged in an act or omission prohibited by the Act." Saragusa v. Countrywide, No. CV 14-2717, 2016 WL 1059004, at *5 (E.D. La. Mar. 17, 2016), aff'd sub nom. Saragusa v. Countrywide Home Loans, Inc., 707 F. App'x 797 (5th Cir. 2017).

This Court agrees with Clatanoff that Raphiel has failed to plead sufficient facts to state a claim under the FDCPA. First, Raphiel did not specify any consumer debt that was the subject of a collection activity. See Blount v. Cap. One Fin. Corp., No. CV 20-675-JWD-EWD, 2021 WL 3912540, at *6 (M.D. La. Aug. 13, 2021), report and recommendation adopted, No. CV 20-675-JWD-EWD, 2021 WL 3909664 (M.D. La. Aug. 31, 2021) ("Plaintiff must allege enough facts to make a threshold showing that the FDCPA applies, including that there is a covered 'debt' and that [the defendant] is a 'debt collector.'"). Second, Raphiel has not alleged that Clatanoff is a "debt collector" as defined in the FDCPA. And, as Clatanoff points out, the FDCPA expressly excludes from the definition of "debt collector" "any officer or employee of a creditor" who "in the name of the creditor, collect[s] debts for such creditor." See 15 U.S.C. § 1692a; Roberts v. Am. Bank & Tr. Co., 835 F. Supp. 2d 183, 197 (E.D. La. 2011) (finding that "bank employee" does not qualify as a debt collector under the FDCPA); Dixon v. Gen. Motors Fin. Corp.,

10

No. CV 17-4492, 2018 WL 4701540, at *4 (E.D. La. Oct. 1, 2018) (finding that "Individual Defendants are employees of GM Financial . . . not subject to the FDCPA"). Thus, Clatanoff, as an officer, is likely excluded from the definition of "debt collector." Third, Raphiel fails to allege what activity Clatanoff engaged in that violated the FDCPA. In fact, Raphiel does not allege that any interaction occurred between Clatanoff and himself at all. See Record Document 18-1 at 11. Raphiel's conclusory allegations that he received phone calls and was the subject of some harassment is insufficient to state a claim against Clatanoff specifically. A generalized billing dispute with various companies does not rise to the level of a viable FDCPA complaint against Clatanoff. Thus, because Raphiel failed to plead a plausible claim for relief against Clatanoff under the FDCPA, or any other law, the Motion to Dismiss is **GRANTED** pursuant to Rule 12(b)(6).

## CONCLUSION

Based on the reasons outlined above,

**IT IS ORDERED** that Clatanoff's Motion to Dismiss (Record Document 20) is **GRANTED**. All claims filed by Raphiel against Clatanoff are **DISMISSED WITH PREJUDICE**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 16th day of February, 2023.

S. MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT