UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DECALVIN SHUNTRELL RAPHIEL          CIVIL ACTION NO. 22-cv-427

VERSUS          JUDGE S. MAURICE HICKS, JR.

HALEY RESIDENTIAL INC ET AL          MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

Decalvin Raphiel ("Plaintiff"), who is self-represented, filed this civil action against seven named defendants. His complaint is difficult to understand and invokes federal laws ranging from the Fair Debt Collection Practices Act to a statute governing residency in a Foreign Trade Zone. He asks that his accounts with the named defendants "be zero out each month."

The court has granted motions to dismiss filed by Hans Vestberg and Daniel Clatanoff. None of the other defendants has filed an answer or other response to the complaint. The court issued a memorandum order (Doc. 54) that granted Plaintiff until March 31, 2023 to file evidence of valid service on each remaining defendant. The order warned: "Failure to do so may result in the dismissal of the claims against any unserved defendant(s)."

The order explained that, although Plaintiff has filed certified mail return receipt cards for some defendants, certified mail is not a valid means of service on a Louisiana resident. The court explained that mail returns filed earlier with respect to Ashton Pines Apartments, LLC and Malcolm Smoak did not represent valid service. Furthermore, there

were no signs of service in the record for Haley Residential, Inc. or Robert Aiello. There was an indication that Plaintiff sent something by certified mail to Samuel Vanloo in Pennsylvania, but merely filing a certified mail return receipt is not proof of valid service. Long arm service of a non-resident requires an affidavit of service in compliance with La. R.S. 13:3205.

After the order issued, Plaintiff filed several documents at Docs. 56-59. Included among them is a certified mail return receipt that indicates something was mailed to the CEO of Ashton Pines Apartments in Bossier City. Plaintiff also represents that he has filled out all the appropriate forms and mailed them to the listed defendants. He asserts that "affidavits of service" have been given to the clerk of court, but there do not appear to be such affidavits in the record. None of the new submissions includes any evidence of lawful service on any of the remaining defendants.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Plaintiff filed this action in February 2022. A year later, in February 2023, the court issued an order that pointed out the lack of valid service on the remaining defendants and allowed Plaintiff a reasonable time to complete service. That deadline has passed, and Plaintiff has not filed any evidence that suggests lawful service on any of the remaining five defendants.

Dismissal without prejudice is appropriate under Rule 4(m). Dismissal is also warranted because Plaintiff did not comply with the requirements of a court order. "A

district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988), citing Fed. R. Civ. P. 41(b). "The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant." Id., citing Link v. Wabash Railroad, 82 S.Ct. 1386, 1388-90 (1962). Dismissal for such failures may be ordered "with or without notice to the parties." Rogers v. Kroger Company, 669 F.2d 317, 319-20 (5th Cir.1982). Dismissal without prejudice of all claims against the remaining defendants is warranted under these circumstances.

Accordingly,

It is recommended that all remaining claims in this civil action be dismissed without prejudice for failure to make timely service and for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 27th day of April, 2023.

Mark L. Hornsby
U.S. Magistrate Judge